IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-CR-00184-EFB |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF |
| v. | DOCUMENTS OR ALTERNATIVELY FOR RULE 17(c) SUBPOENA |
| DANDREA CARTER, | DATE: February 28, 2012 |
| | TIME: 10:00 a.m. |
| Defendant. | JUDGE: Hon. Edmund F. Brennan |

**ORDER**

**A. Introduction**

This matter is before the Court on the defendant's Motion to Compel Production of Documents filed on February 10, 2012. (Mot. to Compel, Doc. 38.) United States filed an Opposition on February 13, 2012. (Opp'n, Doc. 41.) The Court heard oral argument on the defendant's Motion on February 13, 2012. (Doc. 43.) For the reasons stated below, the Court DENIES the defendant's Motion to Compel WITHOUT PREJUDICE.

**B. Discussion**

The defendant's Motion to Compel Production of Documents requests that the Court issue a subpoena pursuant to Rule 17 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 17(c).

Specifically, the defendant seeks production of medical records related to a 1993 incident in which the victim in the instant matter was shot during the course of delivering mail. (Mot. to Compel, at 1.) Additionally, the defendant asks the Court to conduct an *in camera* review of the victim's United States Postal Service personnel file. (*Id.* at 4.)

The United States opposes the Motion to Compel on three grounds. First, the United States argues that the defendant's Motion does not satisfy the standard for issuance of a Rule 17(c) subpoena under *United States v. Nixon*, 418 U.S. 683 (1974). (Opp'n at 5-6.) Second, the United States notes that the Court can not issue a Rule 17(c) subpoena unless the defendant demonstrates "exceptional circumstances" or provides notice to the victim. (*Id.* at 7.) Third, the United States asserts that the defendant does not have a right to the victim's medical record as they are not germane to the charged offense. (*Id.* at 8.) Finally, the United States argues that *in camera* review of the victim's medical records is unnecessary and unduly burdensome because a review has already been conducted. (*Id.* at 7.)

The defendant's Motion to Compel Production of Documents does not meet the standard required by *Nixon*. 418 U.S. at 700. Specifically, the defendant has not demonstrated that the information sought to be subpoenaed is relevant or admissible prior to trial in this matter. Accordingly, the Court denies the defendant's Motion to Compel with respect to the defendant's request that the Court issue a subpoena pursuant to Rule 17(c).
////
////

1     Further, the Court finds that review of the defendant's
2 personnel file is unnecessary.  The Court notes that the United
3 States included with its Opposition a letter indicating that a
4 review was conducted on September 23, 2011, for any information
5 subject to disclosure under *United States v. Henthorn*, 931 F.2d
6 29 (9th Cir. 1991) and *Giglio v. United States*, 405 U.S. 150
7 (1972). (Doc. 41, Attachment 10.)  This review resulted in a
8 finding that the personnel file did not contain any information
9 subject to disclosure.  Accordingly, the Court finds that further
10 *in camera* review of the victim's personnel file is not warranted
11 at this time.

**C. Conclusion**

    Accordingly, for the reasons stated above, it is HEREBY ORDERED that the defendant's Motion to Compel Production of Documents is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: February 13, 2012

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE